# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTA CRAWFORD HARDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C. A. No.:_____ |
| CAPITAL ONE, N.A., d/b/a CAPITAL ONE AUTO FINANCE, | ) ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Capital One Auto Finance, a division of Capital One, N.A. ("COAF" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this civil action, pending in the Court of the Common Pleas for the State of Delaware in and for New Castle County (the "State Court Action"), to the United States District Court for the District of Delaware. As grounds in support of this Notice of Removal, Defendant respectfully states as follows:

### I. PROCEDURAL HISTORY

1. On or about September 3, 2024, Plaintiff Roberta Crawford Harden ("Plaintiff") filed her original Complaint for Damages against Defendant exclusively for wrongful conversion of her vehicle (the "Complaint"). (*See* Complaint at ¶¶ 7-8). The Complaint was assigned case number CPU4-24-003367. The Complaint is attached hereto with the state court file as **Exhibit A**.

2. On July 10, 2025, Plaintiff filed an Amended Complaint in the Court of Common Pleas for the State of Delaware in and for New Castle County against Defendant (the "Amended

Complaint"). *See* Amended Complaint, attached hereto with the state court file. (*See* Ex. A at Am. Compl.)

3. The Amended Complaint alleges that Defendant violated federal law. Specifically, in Count V of the Amended Complaint, Plaintiff alleges Defendant violated the Fair Credit Reporting Act ("FCRA") (*See* Ex. A. ¶ 23)

4. The Amended Complaint alleges additional claims under state law for breach of contract, wrongful conversion of property, promissory estoppel, and negligence against Defendant. (*See* Ex. A.)

5. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in relevant part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a)

6. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

7. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims against Defendant under the FCRA. (*See* Ex. A ¶ 23)

9. Accordingly, federal question jurisdiction exists, as Plaintiff's aforementioned claims arise under the laws of the United States and could have been originally filed in this Court.

## III. SUPPLEMENTAL JURISDICTION

10. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as Plaintiff's federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in relevant part as follows: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

11. In the instant case, Plaintiff's state law claims for breach of contract, promissory estoppel, wrongful conversion of property, and negligence appear to be related to the same activity that forms the basis for her federal claims under the FCRA and share the same set of operative facts. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

12. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Sparks v. Hershey,* 661 F.2d 30, 33–34 (3d Cir. 1981) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiff's federal claims. Therefore, this Court should exercise jurisdiction over all claims asserted in the Amended Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) improper joinder of claims and/or parties; (2) failure to state a claim;

3

(3) the mandatory arbitrability of some or all of the claims; (4) failure to join indispensable parties; or (5) any other pertinent defense available under Delaware law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. **PROCEDURAL REQUIREMENTS**

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

15. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

16. This Notice of Removal is filed within thirty days after service on Defendant of the operative Amended Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

17. Defendant has not previously sought similar relief.

18. The United States District Court for the District of Delaware is the District embracing the place where this action is pending in state court.

19. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

20. Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Court of Common Pleas for the State of Delaware in and for New Castle County. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Court of Common Pleas for

the State of Delaware in and for New Castle County, to the United States District Court for the District of Delaware.

Respectfully submitted this the 21st day of July, 2025.

/s/ J. Cory Falgowski
J. Cory Falgowski (#4546)
BURR & FORMAN LLP
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
Telephone: (302)-830-2311
Email: jfalgowski@burr.com

*Attorney for Defendant*
*Capital One Auto Finance, a division of Capital One, N.A.*